ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 28, 2004

Mr. Larry A. Olson
Executive Director
Department of Information Resources
Post Office Box 13564
Austin, Texas 78711-3564

Opinion No. GA-0266

Re: Whether an agency may return information submitted by a business entity in response to an agency request for offer, which was subsequently cancelled (RQ-0226-GA)

Dear Mr. Olson:

On behalf of the Department of Information Resources ("DIR"), you ask whether an agency may return information submitted by a business entity in response to an agency request for offer, which was subsequently cancelled.[1] To resolve this issue, we must consider whether the business entity's information is a state record that must be retained in accordance with section 441.185 of the Government Code. *See* TEX. GOV'T CODE ANN. § 441.180(11) (Vernon 1998), § 441.185 (Vernon Supp. 2004-05); *see also id.* § 552.004 (Vernon Supp. 2004-05) (authorizing a governmental body to determine "a time for which information that is not currently in use will be preserved").

DIR is an agency of the state, *see id.* § 2054.004 (Vernon 2000), created generally to lead and coordinate information resources management within state government. *Id.* § 2054.051(a) (Vernon Supp. 2004-05); *see also id.* § 2054.003(7) (defining the term "information resources"). Among other duties and responsibilities, DIR is required, under section 2177.051 of the Government Code, to "establish and manage the electronic infrastructure of an electronic procurement marketplace." *Id.* § 2177.051(a); *see also id.* §§ 2054.051, .052 (setting out DIR's general duties and responsibilities). The marketplace may contain information related to the state's procurement practices, such as information about "the state's standard procurement specifications for goods or services"; "vendors"; and "recycled, remanufactured, or environmentally sensitive commodities or services." *Id.* § 2177.051(b)(1)-(2), (6); *see also id.* § 2177.051(g) (listing similar items that the marketplace may contain). The Texas Building and Procurement Commission (the "TBPC"), another state agency, is to manage and administer the electronic procurement marketplace's content, *see id.* § 2177.051(a); *see also id.* §§ 2151.002, 2152.001 (defining the term "commission" and declaring the commission to be a state agency), and either DIR or TBPC may contract with private or public entities to "establish or maintain all or part of the databases comprising the marketplace."

[1]*See* Letter from Larry A. Olson, Executive Director, Department of Information Resources, to Honorable Greg Abbott, Texas Attorney General (May 4, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

*Id.* § 2177.051(a). In addition, DIR or TBPC must "procure all goods and services related to the marketplace through a competitive selection process appropriate for the good or service being acquired." *Id.*

You indicate that, in accordance with section 2177.051, DIR issued a "Request for Offer [('RFO')] for a Statewide eProcurement Application Solutions Provider and Associated Implementation Services" on September 4, 2002. Request Letter, *supra* note 1, at 1. At least two entities responded to the RFO, and you state that the two finalists, American Management Systems, Inc. and Accenture L.L.P., "each proposed a statewide Strategic Sourcing component of the Cost Offer as part of the funding methodology for the . . . project." *Id.* at 2. Each of the finalists designated all or part of the entity's proposal as "confidential or proprietary." *Id.* On April 15, 2004, DIR cancelled the RFO, and "[i]t is not certain at this time if or when the RFO will be reissued." *Id.* But on the same day, April 15, 2004, TBPC "issued a Request for Proposal for Spending Analysis, Strategic Sourcing, and Spend Management Services." *Id.* According to the entities that responded to DIR's RFO, TBPC's outstanding request for proposal "include[s] some of the same services" as the RFO. *Id.*

Both of the finalists in DIR's cancelled procurement process now request the return of the materials they submitted to DIR "to protect their confidential and proprietary information that may be used by other bidders on the TBPC" request for proposal or that may be used by other bidders should DIR reissue the cancelled RFO. *Id.* You therefore wish to know whether the DIR may comply with this request. We understand that the finalists are requesting the original documents, not copies, and that DIR would not retain copies of the documents.

Chapter 441, subchapter L of the Government Code regulates the preservation and management of state records, which include all "written, photographic, machine-readable, or other recorded information created or received by or on behalf of a state agency . . . that documents activities in the conduct of state business or use of public resources." TEX. GOV'T CODE ANN. § 441.180(11) (Vernon 1998) (defining the term "state record"). Under chapter 441, each state agency must designate a records management officer, who may be the agency head, to administer the agency's records management program. *See id.* § 441.184(a) (Vernon Supp. 2004-05); *see also id.* § 441.180(7)-(9) (Vernon 1998) (defining the terms "records management," "records management officer," and "state agency"). A records management officer must prepare a record retention schedule that lists the types of records the agency creates and receives and that proposes a period of time the agency will maintain the record. *See id.* § 441.185(b) (Vernon Supp. 2004-05). The schedule must be submitted to the Texas State Library and Archives Commission for approval. *See id.* § 441.185(a), (c); *see also id.* §§ 441.180(3), (10), (12), .181(b) (Vernon 1998), § 441.182(b) (Vernon Supp. 2004-05) (defining the terms "commission," "state archivist" and "state records administrator" and setting out the archivist's and administrator's duties). If the Library and Archives Commission's director and librarian, and possibly also the state auditor,[2] approve the schedule, the

---

[2]The state records administrator and the state archivist review the record retention schedule that the local records management officer has submitted "and recommend the schedule's approval or disapproval" to the Commission director,

(continued...)

state agency that is the subject of the schedule may "destroy" state records only in accordance with the schedule. *Id.* §§ 441.185(d) (Vernon Supp. 2004-05), 441.187(a) (Vernon 1998). *See generally* 13 TEX. ADMIN. CODE ch. 6 (2004) (Tex. State Library & Archives Comm'n, State Records).

The materials the finalists have requested returned to them are state records for purposes of chapter 441: the materials were "received by" DIR, a state agency, "in the conduct of state business" and relate to a possible expenditure of state funds. TEX. GOV'T CODE ANN. § 441.180(11) (Vernon 1998) (defining the term "state record"). Moreover, the fact that no contract was executed in this case does not remove the records from the scope of the state records that are subject to the chapter 441 record retention schedule. They are thus subject to DIR's retention schedule, and DIR must retain them consistently with the schedule. *See id.* § 441.187(a). The fact that returning the records to the entities that created them does not, strictly speaking, "destroy" the records is immaterial, as chapter 441 requires that the state agency *retain* the records. *See id.* § 441.187(a) (referring to the "destruction" of state records).

We accordingly conclude that DIR may not dispose of the requested materials except in compliance with the time periods set forth in its record retention schedule. It may not return the materials to the entities that created and submitted the documents unless and until the appropriate schedule authorizes DIR to divest itself of them. We do not consider here whether a state agency such as DIR may provide in its record retention schedule for the return of information received in response to a cancelled RFO, nor do we consider whether the State Library and Archives Commission may approve such a record retention schedule.

An email exchange attached to the request letter suggests that chapter 552 of the Government Code, the "Public Information Act," may resolve the issue. *See* Request Letter, *supra* note 1;[3] TEX. GOV'T CODE ANN. ch. 552 (Vernon 1994 & Supp. 2004-05). Under chapter 552, all information that a state agency collects, assembles, or maintains "under a law . . . or in connection with the transaction of official business" is public information that must be made available to the public consistently with that chapter. *See* TEX. GOV'T CODE ANN. §§ 552.002(a), .003(1)(A)(i), .021 (Vernon Supp. 2004-05). Confidential information is absolutely excepted from disclosure, and other information may be excepted from disclosure in certain circumstances. *See id.* § 552.101 (Vernon 1994) (excepting confidential information); *see also, e.g., id.* §§ 552.102, .103, .108 (Vernon Supp. 2004-05) (excepting certain personnel information, information relating to litigation, and certain law enforcement information). The Public Information Act does not authorize a state agency to relinquish the original copy of public information, and it is consequently not dispositive.

---

[2](...continued)
the Commission librarian, and the state auditor. TEX. GOV'T CODE ANN. § 441.185(c) (Vernon Supp. 2004-05). "The state auditor, based on a risk assessment and subject to the legislative audit committee's approval of including the review in the audit plan under [Government Code] Section 321.013, may review the schedule." *Id.* If the state auditor reviews the schedule, the auditor's approval is necessary for the schedule to become effective. *See id.* § 441.185(d).

[3]Email colloquy between Renee Mauzy, Douglas Doerr, and Bill Miller (Apr. 15-16, 2004) (attached to Request Letter).

You also ask, if we conclude (as we have) that DIR may not return the materials, whether the materials should be "considered not subject to release as public information because a final contract was not awarded." Request Letter, *supra* note 1, at 1. We thus consider whether the Public Information Act applies to the information, such that the information would be available to the public in accordance with the Act. *See* TEX. GOV'T CODE ANN. ch. 552 (Vernon 1994 & Supp. 2004-05).

The information is subject to the Public Information Act because DIR collected it in connection with the transaction of official business. *See id.* § 552.002(a) (Vernon Supp. 2004-05) (defining the phrase "public information"). The fact that DIR cancelled the RFO and did not award a contract does not alter the information's status under the Public Information Act. Depending on the circumstances, however, one or more of the Public Information Act's exceptions to disclosure may apply to information in a submitted bid. *See, e.g., id.* § 552.101 (Vernon 1994), §§ 552.104, .110 (Vernon Supp. 2004-05) (excepting confidential information, information that would give advantage to a competitor or bidder, and trade secret information). *See generally id.* ch. 552, subch. C (Vernon 1994 & Supp. 2004-05) (listing all of the Public Information Act's exceptions to disclosure). Should the information be requested under the Public Information Act and DIR seek an attorney general's open records ruling, the entities that created and submitted the information would be notified of the request and would have the opportunity to submit to the attorney general their reasons that the information should be withheld, wholly or in part. *See id.* §§ 552.201, .301, .305(a)-(b) (Vernon Supp. 2004-05). Whether this particular information would be excepted from disclosure is a question to be decided in the open records process under chapter 552 and not here.

## S U M M A R Y

A state agency must retain information submitted by a business entity in response to a request for offer, which the agency subsequently cancelled, for the period specified in the agency's record retention schedule created under chapter 441 of the Government Code. The information may not be returned to the business entity that submitted it within the time period that the information is to be retained. The information also is subject to the Public Information Act, chapter 552 of the Government Code, and is available to the public unless chapter 552 excepts the information from disclosure.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee